UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAIN ROLANDO TEJADA OTI,

Petitioner,

Case No. 2:26-cv-2843-KCD-NPM

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL, TODD LYONS, GARRETT RIPA,

Respondents.
_______________________________/

**ORDER**

Petitioner Alain Rolando Tejada Oti is a Cuban citizen with a removal order that became final on August 14, 2026. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Fifth Amendment and asks this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

Invoking the Fifth Amendment, Oti claims that he has been detained beyond the bounds of what substantive due process allows. (Doc. 1 at 12-13.) The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still

here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

As the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Oti's removal order became final on November 6, 2026. As such, his post-removal order detention does not exceed six months and there is no due process problem.

Oti further argues that his re-arrest violated the Fourth Amendment. (Doc. 1 at 7.) To the extent this is an argument for habeas relief, it is summarily rejected. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Finally, Oti requests a bond hearing, but following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021). Under § 1231, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

Accordingly, the habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Oti refiling a new petition should his current detention exceed six months and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on November 13, 2026.

Kyle C. Dudek
United States District Judge